T.C. Summary Opinion 2005-106

UNITED STATES TAX COURT

VICTOR E. BIYO AND AMOR O. BIYO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4321-04S.            Filed July 27, 2005.

Victor E. Biyo and Amor O. Biyo, pro sese.

<u>Sandra Veliz</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Subsequent section references are to the Internal Revenue Code in effect for 2001.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $5,807 in petitioners' 2001 Federal income tax and a $1,161 section 6662(a) accuracy-related penalty. After concessions by respondent, the following issues remain for consideration: (1) Whether any portion of the Social Security disability benefits received by Victor E. Biyo during 2001 is includable in petitioners' income for that year; and (2) whether the interest income reported on petitioners' 2001 joint Federal income tax return is understated.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed in this case, petitioners resided in Seattle, Washington. References to petitioner are to Victor E. Biyo.

Petitioners are, and were during all relevant periods, married to each other. During the taxable year in issue, petitioner was unemployed, and Amor Biyo was self-employed as a real estate salesperson.

During 1998, petitioner made a claim for Social Security disability benefits. Ultimately, he was deemed eligible for and awarded Social Security disability benefits in 2001. During that year he received Social Security disability benefits totaling $43,494 (the benefits). Although paid in a lump sum in 2001,

the benefits are attributable to 1998, 1999, 2000, and 2001. The benefits include reimbursed attorney's fees of $4,000.

Petitioner received a Form SSA-1099, Social Security Benefit Statement, for 2001. In box 5 of that form "Net Benefits" of $43,494 are reported. The Form SSA-1099 stated, in pertinent part, that "Part of your Social Security benefits shown in box 5 may be taxable income."

In addition to other income, petitioners earned $293 of interest income during 2001.

On August 15, 2002, petitioners filed a joint 2001 Federal income tax return that was prepared by one or both of them. On that return petitioners reported adjusted gross income of $53,497, which amount includes all but $87 of the interest income they earned during 2001, but does not include any portion of the benefits.

In the notice of deficiency, respondent determined that $30,585 of the benefits is includable in petitioners' 2001 income. Respondent further determined that petitioners failed to include $87 of interest income on their 2001 return. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source

derived.  Relevant for our purposes, section 86(a) provides that if the taxpayer's modified adjusted gross income[1] plus one-half of the Social Security benefits received by the taxpayer exceeds the adjusted base amount, then gross income includes the lesser of:  (1) The sum of (a) 85 percent of such excess, plus (b) the lesser of (i) one-half of the Social Security benefits received during the year or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer; or (2) 85 percent of the Social Security benefits received during the taxable year.[2]  See sec. 86(a)(2).  With respect to married taxpayers who file a joint return for 2001, the base amount and the adjusted base amount are $32,000 and $44,000, respectively.  Sec. 86(c)(1)(B) and (2)(B).  In the absence of a section 86(e) election,[3] Social Security benefits are included in the

---

[1]  In this case, petitioners' modified adjusted gross income equals their adjusted gross income.  See sec. 86(b)(2).

[2]  Prior to 1984, certain disability benefits were excludable from an employee's gross income under sec. 105.  However, this section was repealed, and "since 1984 Social Security disability benefits have been treated in the same manner as other Social Security benefits."  Maki v. Commissioner, T.C. Memo. 1996-209.

[3]  In the case of a lump-sum payment of Social Security benefits, sec. 86(e) provides for an election that limits the portion of the lump-sum payment otherwise includable in the recipient's income.  Petitioners made no such election in this case.

recipient's gross income in the year in which the benefits are received.  Sec. 86(a)(1).

Petitioners do not dispute the manner in which respondent calculated the portion of the benefits includable in their 2001 income.  Instead, they argue:  (1) The benefits simply are not taxable; and (2) to the extent that the benefits must be included in their income, they should be relieved of any tax liability upon the ground of financial hardship.

Petitioners' first argument is contrary to section 86 and must be rejected.  As to petitioners' second argument, we note that the statute does not provide an exception to inclusion based upon the financial hardship or status of the taxpayer.  We do not have the authority to disregard the express provisions of a statute enacted by Congress even if the result in a particular case may seem harsh.  See, e.g., Everage v. Commissioner, T.C. Memo. 1997-373.

Taking into account petitioners' 2001 filing status, their 2001 modified adjusted gross income, and the amount of the benefits, we find that a portion of petitioner's Social Security disability benefits is includable in petitioners' 2001 income. See sec. 86(a), (c).  Accordingly, we sustain respondent's

determination that petitioners include a portion of the Social Security disability benefits in their 2001 gross income.[4]

Finally, respondent determined that petitioners failed to report $87 of interest income.  The interest income reported on petitioners' 2001 return is understated by $87.  Although petitioners have not expressly conceded the point, nothing in the record suggests that respondent's adjustment increasing petitioners' income by that amount is in any way erroneous.  Accordingly, we sustain respondent's determination with respect to petitioners' 2001 underreported interest income.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[4]  According to the notice of deficiency, $30,585 of the benefits must be included in petitioners' 2001 income.  We are unable to duplicate the calculation that results in that amount, as our calculation results in a larger number.  The manner in which respondent treated the $4,000 reimbursement for attorney's fees, which is unclear from the record, no doubt has something to do with the discrepancy.